DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, Probate Division, that granted the summary judgment motion of defendants-appellees, Sarah L. Hall, et al., and thereby dismissed the complaint for an accounting, declaratory judgment and conversion filed by plaintiff-appellant, Carol Williams, Administratrix of the Estate of Earnest Rickerson, deceased. From that judgment, appellant raises the following assignments of error:
 {¶ 2} "I. The Trial Court erred in granting Summary Judgment to the Defendants/Appellees on the basis that there was no dispute as to any relevant facts concerning the incompetency of the Decedent and the existence of undue influence since there was conflicting evidence on these issues.
 {¶ 3} "II. The Trial Court erred in granting Summary Judgment to the Defendants/Appellees on the basis that there was no dispute as to any relevant facts concerning the commencement of the statute of limitations time period."
 {¶ 4} Appellant is the daughter of Wyndlon Rickerson and step-daughter of Earnest Rickerson. Earnest died intestate on October 21, 1988, and Wyndlon died apparently intestate on July 15, 1999. This case involves an attempt by appellant to have declared invalid a deed executed by Earnest and Wyndlon Rickerson on October 13, 1988, and transferring their interest in their marital home at 230 Schwamberger Road, Spencer Township, Lucas County, Ohio, to appellee Sarah L. Hall, appellant's sister. Hall is also a daughter of Wyndlon and step-daughter of Earnest. On May 28, 1996, appellee transferred her interest in the property to her minor granddaughter, Sarah Bell, who, through her parent and natural guardian, Candis L.Wilson-Randle, was also named as a defendant-appellee herein.
 {¶ 5} On August 17, 2001, appellant filed an action in the court below for an accounting, declaratory judgment and conversion. Appellant alleged that Rickerson conveyed the real estate to Hall for no consideration and that at the time he executed the deed, Rickerson was not of sound mind or memory. Appellant therefore alleged that the transfer was conveyed as a result of undue influence, misrepresentation, fraud and duress. Appellant further alleged that at the time of the transfer, a fiduciary relationship existed between the parties and, as such, Hall owed Rickerson a duty of utmost good faith and loyalty which she breached. Finally, appellant alleged that Hall was guilty of conversion of Rickerson's assets. Appellant then demanded that the deed be declared invalid and that the title to the property be placed back into Rickerson's estate.
 {¶ 6} Appellees filed a motion for summary judgment in which they asserted that appellant's claims were barred by the four-year statute of limitations set forth in R.C. 2305.09. After further briefing of the issue by both parties, the lower court issued a judgment entry on March 23, 2004, granting appellees summary judgment. In particular, the court found that appellant had failed to put forth evidence of fraud, misrepresentation, undue influence, duress or lack of capacity and that the deed was, therefore, presumed to be valid. Having found no evidence of fraud, the court held that the four-year statute of limitations in R.C. 2305.09 applied and barred appellant's cause of action to cancel the deed. The court further found no evidence that a fiduciary or confidential relationship existed between Hall and Rickerson. Finally, although the court did not expressly address the conversion claim, by finding no evidence that the deed was improperly executed, it did, by implication, find no merit in that claim. Accordingly, the court dismissed appellant's case.
 {¶ 7} Because appellant's assignments of error are interrelated, they will be addressed together. Appellant asserts that the trial court erred in granting appellees summary judgment. In support, appellant argues that there were genuine issues of material fact regarding Rickerson's competency at the time that he signed the deed and regarding the commencement of the statute of limitations time period.
 {¶ 8} Appellate review of a trial court's grant of summary judgment is de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Accordingly, we review the trial court's grant of summary judgment independently and without deference to the trial court's determination.Brown v. Scioto Cty. Bd. Of Commrs. (1993), 87 Ohio App.3d 704, 711. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v. Burt (1996),75 Ohio St.3d 280, 294. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).
 {¶ 9} Appellant alleged in her complaint that Rickerson's transfer of the Rickersons' marital home to Hall was the result of undue influence, misrepresentations, fraud and duress. On appeal, however, appellant only appears to challenge the trial court's ruling regarding her claims of undue influence and fraud.
 {¶ 10} The Supreme Court of Ohio has held that "to succeed on a claim of undue influence, one must establish `(1) a susceptible testator, (2) another's opportunity to exert [undue influence], (3) the fact of improper influence exerted or attempted, and (4) the result showing the effect of such influence.'" Redman v. Watch Tower Bible Tract Soc. ofPennsylvania (1994), 69 Ohio St.3d 98, 101, quoting West v. Henry
(1962), 173 Ohio St. 498, 510-511. The elements of a cause of action in fraud are: "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." Gaines v. Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54, 55.
 {¶ 11} In support of their summary judgment motion, appellees submitted the affidavit of Attorney Lafayette E. Tolliver, who prepared the deed, witnessed its signature and filed it for recording. Tolliver attested to the following:
 {¶ 12} "2. In or about October, 1988, I was contacted by Earnest Rickerson and Wyndlon Rickerson to prepare and record the deed attached hereto at Exhibit A.
 {¶ 13} "3. I witnessed both Earnest and Wyndlon's signature of said deed.
 {¶ 14} "4. At the time he signed the deed, Earnest Rickerson appeared to fully comprehend the nature of the transaction and the effect of what he was doing. Earnest Rickerson appeared to have freely and voluntarily formulated an intention to convey the subject property to Sarah L. Wilson [Hall], and did not appear to be acting under any undue influence, misrepresentations, fraud or duress.
 {¶ 15} "5. If I believed that Earnest Rickerson was signing the deed under any improper circumstances, or that he did not fully understand the effect of this conveyance, as his attorney I would have advised him not to do so."
 {¶ 16} Appellant countered this evidence with her own affidavit in which she listed a number of infirmities from which she claimed Earnest suffered in October 1988. In particular, appellant stated that: "In October of 1988, Earnest could not do the following[:] drive a car; go shopping or to church alone; cook, use the phone or dress himself; express himself coherently; read the paper; make and keep appointments; maintain his own checkbook or handle his own finances; make his own decisions or live alone; remember the names of his relatives; or understand his own assets." Appellant further stated that: "Earnest also, at this time, exhibited the classic signs of dementia such as memory impairment, disorientation, grossly inadequate personal care, suspiciousness, poor judgment, personality change, social withdrawal, defective control of impulses and inaccurate identification of others. Finally, he was diagnosed and suffered from Alzheimer's at the time the deed was signed." Appellant did not, however, submit properly authenticated medical records in support of that diagnosis. Throughout her motions filed below, appellant simply argued that the transfer must have been the result of undue influence and fraud because that is the only reasonable explanation for the transfer. She did not, however, submit any evidence that Hall exerted or attempted to exert improper influence over Earnest, that there was any fiduciary relationship between Hall and Earnest, or that the transfer was the result of fraud.
 {¶ 17} Accordingly, the lower court did not err in concluding that appellees were entitled to judgment as a matter of law. The two assignments of error are not well-taken.
 {¶ 18} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed. Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Glasser, J., Concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.